1 | **CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
2 | **CORY M. BRENTE**, Assistant City Attorney
**SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
3 | 600 City Hall East
200 North Main Street
4 | Los Angeles, California  90012-4129
Telephone:  (213) 978-7036   Facsimile: (213) 978-8785
5 | Email: *Surekha.Pessis@lacity.org*

6 | Attorneys for Defendant CITY OF LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT

NOV 2 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7

8 | ### UNITED STATES DISTRICT COURT

9 | ### CENTRAL DISTRICT OF CALIFORNIA

10

11 | JAMES HORNIK,

12 | Plaintiff,

13 | vs.

14 | CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES POLICE OFFICERS TORRES (Badge No. 39070);
15 | HABIBI (Badge No. 32760), BRECEDA (Badge No. 37618), JENKINS (Badge No.
16 | 36042); DOES 1-50,

17 | Defendants.

CASE NO **CV10-9152**
DDP (CWX)

(LASC Case No. BC 446105)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)**

18

19 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20 | PLEASE TAKE NOTICE Defendant CITY OF LOS ANGELES hereby removes

21 | this action from the Superior Court for the State of California, County of Los Angeles to

22 | the United States District Court for the Central District of California.  The removal is

23 | made pursuant to 28 U.S.C. § 1446(a) and § 1446 (a), on the facts set forth below:

24 | 1. The City of Los Angeles is a Defendant in a civil action filed in the Superior

25 | Court of the State of California, County of Los Angeles entitled *James Hornik v. City of*

26 | *Los Angeles, et al.,* Superior Court Case No. BC 446105.  Plaintiff filed his Complaint on

27 | September 24, 2010.  A true and correct copy of Plaintiff's Complaint is attached as

28 | Exhibit 1 and includes the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet

1

1   Addendum and Statement of Location, Order on Court Fee Waiver, Order on Court Fee

2   Waiver After Hearing, Minute Order dated October 14, 2010, and Notice of Case

3   Management Conference.

4          2.   This action meets the original jurisdiction requirements of 28 USC § 1441(a)

5   and is removable by Defendant pursuant to 28 USC § 1446(a).  A case is removable from

6   state to federal court if the action could have been originally commenced in federal court.

7   28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702 (1972).

8   The propriety of removal is determined at the time the petition for removal is filed by

9   reference to the plaintiff's complaint filed in state court. *La Chemise Lacoste v. Alligator*

10  *Co.*, 506 F.2d 339, 343-344 (3d Cir. 1974).  When the complaint states a claim invoking

11  the original jurisdiction of the federal court, the action is removable. *Id.*  Under the

12  Judicial Code, federal district courts have original jurisdiction in the district courts over

13  all actions brought under 42 USC § 1983. See, 28 USC § 1343(a)(3).  Moreover, the

14  Code confers original jurisdiction in the district courts over all actions involving federal

15  questions.  See, 28 USC § 1331.

16     3.  The gravamen of this action is the federal civil rights claim set forth in the first

17  cause of action of Plaintiff's Complaint.

18     4.  State claims are also asserted in the second through fifth causes of action of

19  Plaintiff's Complaint.  When an action originally filed in state court is removed to federal

20  court, the federal tribunal has jurisdiction to determine not only the federal claims but all

21  pendent state claims which derive "from a common nucleus of operative fact." *United*

22  *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

23     5.  The City of Los Angeles was served with Plaintiff's Complaint on October 28,

24  2010, and consents to this removal.  (See Declaration of Surekha A. Pessis)

25        In addition, defendant County of Los Angeles was served with Plaintiff's

26  Complaint on October 28, 2010.  Said Defendant consents to this removal.  (See

27  Declaration of Surekha A. Pessis)  Further, defendant County of Los Angeles has filed a

28  Notice of Joinder to this removal.  (See Notice of Joinder filed concurrently herewith.)

1      6. Defendants Los Angeles Police Officers Torres, Habibi, Breceda, and Jenkins have

2   not been served with Plaintiff's Complaint. (See Declaration of Sonia L. Garcia)

3      7. Moreover, other than the persons identified in the caption as "DOES 1 - 50", there

4   are no other named defendants in this lawsuit. Therefore, there are no other defendants

5   who need to consent in order for this case to be removed.

6      8. The Notice of Removal is filed with this Court within 30 days after the City of Los

7   Angeles and County of Los Angeles were served with the Plaintiff's Complaint on

8   October 28, 2010. (See Declaration of Surekha A. Pessis.)

9      9. The Notice of Removal is being filed in this Court and in the Superior Court of the

10  State of California, County of Los Angeles.

11     WHEREFORE, the above-entitled action, now pending in the Superior Court of the

12  State of California, County of Los Angeles, is removed to the United States District Court

13  for the Central District of California.

14

15  DATED: November *24*, 2010   **CARMEN A. TRUTANICH**, City Attorney

16                         **GARY G. GEUSS**, Chief Assistant City Attorney
                           **CORY M. BRENTE**, Assistant City Attorney

17                         By

18                            SUREKHA A. PESSIS, Deputy City Attorney

19                Attorneys for Defendant CITY OF LOS ANGELES

20

21

22

23

24

25

26

27

28

## DECLARATION OF SUREKHA A. PESSIS

I, SUREKHA A. PESSIS, do hereby declare I have personal knowledge of the facts set forth below and if called as a witness in this case, I could and would competently testify as follows:

1. I am a Deputy City Attorney for the City of Los Angeles. In that capacity, I have been assigned to assist in representing Defendant City of Los Angeles in the case of *James Hornik v. City of Los Angeles, et al.,* Los Angeles Superior Court Case No. BC 446105, now pending in the Los Angeles Superior Court.

2. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Complaint and includes copies of the following: Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Order on Court Fee Waiver, Order on Court Fee Waiver After Hearing, Minute Order dated October 14, 2010, and Notice of Case Management Conference.

3. The City of Los Angeles was served with Plaintiff's Complaint on October 28, 2010, and consents to this removal. (Attached hereto as Exhibit 2 is a true and correct copy of the Summons for the City of Los Angeles.) Defendants Los Angeles Police Officers Torres, Habibi, Breceda, and Jenkins have not been served with Plaintiff's Complaint. (See Declaration of Sonia L. Garcia).

4. On November 24, 2010, I spoke with Maria Hovsepian of PETERSON and BRADFORD, outside counsel for the County of Los Angeles assigned to this litigation. Ms. Hovsepian confirmed that defendant County of Los Angeles was served with Plaintiff's Complaint on October 28, 2010, and consents to this removal. (See Notice of Joinder by Defendant County of Los Angeles, filed concurrently herewith.)

5. In addition, other than the persons identified in the caption as "DOES 1 - 50", there are no other named defendants in this lawsuit. Therefore, there is no other party who must consent before this case can be removed.

6. This Notice of Removal is therefore filed with this Court within 30 days after

4

1  the City of Los Angeles and County of Los Angeles were served with a copy of Plaintiff's

2  Complaint on October 28, 2010.

3        7.  This Notice of Removal is being filed in this Court and in the Los Angeles Superior

4  Court.

5        I declare under penalty of perjury pursuant to the laws of the United States of America

6  that the foregoing is true and correct.

7        Executed on November 24, 2010, at Los Angeles, California.

8

9

                              Surekha A. Pessis, Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# DECLARATION OF SONIA L. GARCIA

I, SONIA L. GARCIA, do hereby declare I have personal knowledge of the facts set forth herein and if called as a witness in this case, I could and would competently testify as follows:

1.    I am a Certified Litigation Paralegal for the City of Los Angeles.  In that capacity, I have been assigned to assist Deputy City Attorney Surekha A. Pessis in representing Defendant City of Los Angeles in the case of *James Hornik v. City of Los Angeles, et al.*, Los Angeles Superior Court Case No. BC 446105, now pending in the Los Angeles Superior Court.

2.    On November 22, 2010, I contacted the Civil Investigations Unit of the Los Angeles Police Department (LAPD), which tracks service of civil complaints on LAPD officers.  I was informed there was no record of service of Plaintiff's Complaint on LAPD Officers Torres (Badge No. 39070), Habibi (Badge No. 32760), Breceda (Badge No. 37618) and Jenkins (Badge No. 36042).

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2010, at Los Angeles, California.

_____

.Sonia L. Garcia, Declarant

FEE WAIVER

FILED IN FORMA PAUPERIS (GRC 985)
PER ORDER DATED _____ SEP 7 4 2010   10/14/10
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____ 255
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

FILED
Los Angeles Superior Court

SEP 24 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

LAW OFFICES OF ROBERT C. MOEST
Robert C. Moest, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
(310) 915-6628 (voice)
(310) 915-9897 (fax)

Attorneys for Plaintiff
James Hornik

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF LOS ANGELES

|  |  |
|---|---|
| JAMES HORNIK, | Case No. BC446105 |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983); |
| CITY OF ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES POLICE OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No. 32760), BRECEDA (Badge No. 37618), JENKINS (Badge No. 36042); DOES 1-50, | 2. ASSAULT and BATTERY; |
|  | 3. FALSE ARREST; |
| Defendants. | 4. MALICIOUS PROSECUTION; |
|  | and |
|  | 5. NEGLIGENCE. |

### INTRODUCTION

1. This is an action for damages against the City of Los Angeles, the County of Los Angeles, and four individual Los Angeles Police Department officers, arising out of misconduct that pervaded plaintiff's arrest and detention on August 30 and September 1, 2009.

### PARTIES

2. Plaintiff James Hornik is an individual residing in the City of Ventura, County of Ventura, State of California. Unless otherwise stated in this complaint, all events

1   giving rise to this lawsuit happened in the County of Los Angeles

2       3. Defendant City of Los Angeles is a municipal corporation located in the County

3   of Los Angeles, and operates the Los Angeles Police Department.

4       4. Defendant County of Los Angeles is a California governmental entity, which

5   operates the Los Angeles County Jail system, including the Twin Towers Jail.

6       5. Defendants Torres, Habibi , Breceda, and Jenkins were employed by the City of

7   Los Angeles as officers of the Los Angeles Police Department on August 30 through

8   September 1, 2009.  In doing the acts alleged in this complaint, the officers acted under

9   color of state law and within the scope of their employment with the City of Los Angeles

10  and its police department.

11      6. Plaintiff sues defendants Does 1 through 50 by their fictitious names and will

12  amend this complaint to allege their true identities when ascertained.

13

14              STATUTORY CLAIMS PROCEDURES

15      7. On February 26, 2010, within six months of the incident, plaintiff filed a claim

16  for damages with the City of Los Angeles concerning the events alleged in this complaint.

17  On April 9, 2010, the City of Los Angeles notified plaintiff that his claim had been

18  denied.  This action is filed within six months of the denial of the claim.

19      8. On March 1, 2010, within six months of the incident, plaintiff filed a claim for

20  damages with the County of Los Angeles concerning the events alleged in this complaint.

21  On March 26, 2010, the City of Hawthorne notified plaintiff that his claim had been

22  denied.  This action is filed within six months of the denial of the claim.

23

24              STATEMENT OF FACTS

25      9. While a patron of the Orange Street Youth Hostel, Plaintiff Hornik was raped by

26  another guest, in the early morning hours of August 31, 2009.  At approximately 9:00 to

27  9:30 a.m., plaintiff reported the assault to hospice personnel.  Plaintiff was directed to call

28  "911," and his call was transferred to the Hollywood Police Station of the Los Angeles

1  Police Department.

2      10. Mr. Hornik waited three and one-half hours, but the police had not responded

3  to the call by that time. At approximately 12:30 or 1:00, Mr. Hornik went to a nearby

4  coffee shop and waited another three hours. Officers Habibi and Torres appeared on the

5  scene in the company of Gary Dune, the man who had raped plaintiff. Plaintiff had in his

6  possession certain property belonging to Mr. Dune, including a travel case, which

7  plaintiff had retained because it contained evidence pertaining to the sexual assault.

8  When plaintiff told Officer Habibi and Torres that he had been the victim of a sexual

9  assault, Officer Habibi dismissed plaintiff's statements because plaintiff had shared a

10 room (by assignment, not by choice) with Mr. Dune, and Officer Habibi concluded

11 without legitimate basis that any sexual conduct had been consensual.

12     11. Officer Habibi handcuffed plaintiff (and Mr. Dune) and transported both men

13 back to the Hostel. Officer Habibi spoke with front desk personnel while plaintiff waited

14 in the lobby area under the supervision of Officer Torres. Officer Habibi returned with

15 photographs from the Hostel surveillance camera showing the travel case being carried

16 out the door by plaintiff. Mr. Dune was released from custody but plaintiff was kept in

17 custody, and was transported out to a Los Angeles Police Department cruiser. Plaintiff

18 repeatedly told Officers Habibi and Torres that he had been raped, but Habibi dismissed

19 that claim, stating among other things that a gay man cannot be raped. During the entire

20 process from the coffee shop to the time when plaintiff was handcuffed in the vicinity of

21 the police cruiser, Officer Torres observed the treatment that was inflicted on plaintiff,

22 and took no steps to intervene on his behalf.

23     12. When plaintiff continued to state that he had been raped, and requested that he

24 receive medical treatment, Officer Habibi told plaintiff he was going to jail for felony

25 theft, and put plaintiff into the rear seat of the cruiser.

26     13. Plaintiff was kept in the cruiser, distraught and crying and begging for help, for

27 an uncertain period of time. After Officer Torres reiterated to plaintiff that he would be

28 taken to jail, and after plaintiff saw that his rapist was released to go on his own way,

3

COMPLAINT

1   plaintiff took a quantity of prescription medicine that was in his pocket in an attempt to

2   commit suicide.  The officers knew that plaintiff had the medication in his possession

3   because they had seen it earlier when he was searched before being placed in the police

4   car.  The officers were informed that the medication was intended to treat anxiety and

5   depression, and let him retain possession of the medication.  After plaintiff swallowed the

6   pills, Officer Torres realized that plaintiff had done so, and Officer Torres said, "You

7   screwed up now, you are going to the Sheriff's facility."  About forty-five minutes later,

8   an ambulance responded to the scene.  By that time, plaintiff was unconscious, but

9   plaintiff recalls being pulled from the back of the patrol car and yelled at to assist in the

10  process of getting plaintiff into the ambulance.  Plaintiff was threatened with being tased

11  if he did not cooperate.  His last recollection at the scene outside the Hostel is that a

12  paramedic said plaintiff was about to go into tachycardia.

13      14. Plaintiff blacked out and his next recollection is being asked questions by

14  personnel at a medical facility he later learned was Cedars-Sinai Medical Center.

15  Plaintiff spent approximately seven hours at Cedars, after which he was taken to the Twin

16  Towers jail.  While at Cedars, plaintiff told the examining physician, two nurses, and the

17  psychologist who interviewed him that he had been raped, and asked that a "rape kit" be

18  administered.  The medical personnel did not remove plaintiff's clothing specifically

19  because they thought the clothing might contain evidence of the rape.  Plaintiff was told

20  that Cedars did not have the facilities and equipment necessary for the post-rape

21  examination, and medical personnel told the police officers where the test could be

22  administered.  At some point during the time plaintiff was at Cedars, Officers Habibi and

23  Torres were relieved by officers Breceda and Jenkins.  Officers Breceda and Jenkins were

24  told by Nurse Ambrose at Cedars of the names and locations of two rape test centers. \

25      15. Despite having been informed of the fact that plaintiff had been raped, the four

26  officers did not take him to a facility that could or would perform the post-rape

27  examination, or "rape kit."

28      16. From Cedars, plaintiff was taken to the Twin Towers Jail early on the morning

4

1  of September 1, 2009, where he was placed in the custody of the County of Los Angeles.

2  Employees and agents of Los Angeles County caused him to be chained to a bench in a

3  manner that forced him to lean over with his shoulders nearly touching his knees for

4  nearly 10 hours. He was seen by a nurse 3 times, once to bring him a Motrin, once to

5  bring me him inhaler because he kept complaining that he could not breathe, and once to

6  ask him about his medical condition.

7       17. No rape examination was ever performed during the time plaintiff was

8  incarcerated at Twin Towers jail. He was not furnished with his prescribed medication,

9  despite the fact that the abrupt termination of the medication carried a high risk of

10  seizures, brain damage, headaches, and serotonin withdrawal syndrome

11       18. After approximately 10 hours, he was un-handcuffed, x-rayed, and separated

12  (with other gay prisoners) into a cell, from which he was eventually taken to a dorm to

13  sleep shortly before lights out. He was taken to Court in the Central Jail complex on the

14  morning of September 2, 2009, and released on his own recognizance several hours after

15  the end of the court day. During the entire time plaintiff was in custody, no rape

16  examination was ever administered.

17       19. The events to which plaintiff was subjected from the time of his arrest until the

18  time he was turned over to the Los Angeles County Sheriffs at the Twin Towers jail were

19  the actions of the City of Los Angeles and its agents and police officers. The events to

20  which plaintiff was subjected from the time he was incarcerated at the Twin Towers jail

21  were the actions of the County of Los Angeles and its agents and police officers.

22       20. Plaintiff is informed and believes that, to be effective, the rape examination

23  must be conducted as soon as possible after the incident. Once plaintiff was released

24  from custody, he was transported by his family to a medical facility in Ventura County,

25  where he was examined for evidence of the sexual assault. He was finally provided with

26  medical advice and information about the consequences of the episode, and the measures

27  he should take.

28       21. The City of Los Angeles filed charges against plaintiff, accusing him of grand

1   theft as a misdemeanor. Plaintiff was tried on the charges, but the jury was unable to

2   reach a verdict. After the mistrial, the City of Los Angeles moved to dismiss the charges

3   against plaintiff, so that the prosecution against him was terminated in his favor.

4           22. Plaintiff was not guilty of the charge filed against him.

5           23. From the first time he was confronted by the police officers who dismissed his

6   statement that he had been raped, plaintiff has suffered severe and debilitating emotional

7   distress. He has been diagnosed as suffering from post-traumatic stress disorder by virtue

8   of his treatment by the Los Angeles Police Department and the Los Angeles County

9   Sheriff. He has lost sleep, and has suffered and continues to suffer severe emotional

10  distress, anxiety, and fear. He has become fearful of the police as a result of these events.

11  Because of the fear induced by these events, plaintiff finds it difficult to leave his

12  residence unless absolutely necessary.

13          24. Plaintiff's assertion that he had been raped was dismissed by the defendants

14  because he is a gay man. Plaintiff is informed and believes that, had a woman made

15  similar allegations, she would have been afforded the treatment necessary for the sexual

16  assault. Plaintiff was denied such treatment because of his sex and his sexual orientation.

17          25. Plaintiff is informed an believes that it is the policy of the Los Angeles Police

18  Department and the Los Angeles County Sheriff's Department to see that all individuals

19  who state that they are the victims of a sexual assault shall receive the necessary treatment

20  and administration of the "rape kit" to document and preserve evidence of the assault.

21  Plaintiff is further informed and believes that it is the policy of the Los Angeles Police

22  Department that whenever an individual reports having been raped, the officers receiving

23  the report should contact their supervisor, who would dispatch the appropriate forensic

24  team to gather evidence of the assault. Finally, plaintiff is informed and believes that it is

25  the policy of the Los Angeles Police Department that whenever an individual reports

26  having been raped, that information must be included in a police report.

27          26. Those policies were violated with respect to plaintiff. He was not properly

28  examined and treated. Plaintiff is informed and believes that no report of his rape was

1  made to the relevant supervisors.  Plaintiff was shown copies of the police reports in

2  connection with the false criminal charges filed against him, and they contained no

3  reference to the fact that he had been raped.

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983–VIOLATION OF CIVIL RIGHTS)

6  27. Defendants, acting under color of state law, deprived plaintiff of rights,

7  privileges and immunities secured by the Constitution and laws of the United States,

8  including those secured by the Fourth and Fourteenth Amendments to the Constitution,

9  by, among other things, taking and failing to take the actions set forth above.

10  28. These acts caused the plaintiff physical injury and extreme emotional distress.

11  29. As a result of the acts of defendants, plaintiff has incurred expenses, including

12  past and future medical bills and legal bills, and has lost income, according to proof.

13  30. In doing the foregoing wrongful acts, the individual defendants acted in

14  reckless and callous disregard for the constitutional rights of plaintiff.  The wrongful acts

15  were willful, oppressive, fraudulent and malicious, warranting an award of punitive

16  damages against the in an amount adequate to punish the wrongdoers and deter future

17  misconduct.

### SECOND CLAIM FOR RELIEF

### (Assault and Battery)

20  31. Defendants assaulted and battered plaintiff.

### THIRD CLAIM FOR RELIEF

### (False Arrest and Imprisonment)

23  32. Defendants arrested plaintiff without probable cause and held him in custody

24  for a period of time without substantial justification.

### FOURTH CAUSE OF ACTION

### (Malicious Prosecution)

27  33. Defendants caused misdemeanor criminal charges to be filed against the

28  plaintiff, which were eventually dismissed on the motion of the prosecutor.

## FIFTH CAUSE OF ACTION

### (Negligence)

34. Defendants owed plaintiff a duty of care, and that duty was breached when defendants acted negligently in without the exercise of due care in the acts described above. Defendant City of Los Angeles breached its duty by failing to adequately train and supervise its police officers in the actions to be taken when an individual has been raped. Plaintiff was injured as a result of defendants' negligence.

35. Defendants owed plaintiff a duty of care, and that duty was breached when defendants failed to provide adequate medical care to plaintiff, and when they failed to adhere to their policies concerning the proper medical treatment to be rendered to victims of sexual assault. Plaintiff was injured as a result of defendants' negligence.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

On All Causes of Action:

(a) Compensatory general and special damages according to proof;

(b) Cost of suit; and

(c) Such other and further relief as the court may deem just.

On the First Causes of Action:

(d) Reasonable attorney's fees and expenses of counsel;

On the First, Second, Third, and Fourth Causes of Action:

(f) Exemplary damages against the individual defendants in an amount sufficient to make an example of those defendants and to deter future misconduct.

Dated: September 24, 2010

LAW OFFICES OF ROBERT C. MOEST
Robert C. Moest

By: _____
        Robert C. Moest
Attorneys for Plaintiff
James Hornik

**SUM-100**

CITY ATTORNEY
**SUMMONS**
*(CITACION JUDICIAL)*

FOR DISPOSITION
OCT 29 2010

MW @7:30am

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CITY OF ANGELES; COUNTY OF LOS
*(AVISO AL DEMANDADO):* ANGELES; LOS ANGELES POLICE
OFFICERS TORRES (Badge No. 39070), HABIBI (Badge No.
32760), BRECEDA (Badge No. 37618), JENKINS (Badge No.
36042); DOES 1-50

RECEIVED

NOV 01 2010

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES HORNIK
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

POLICE DIVISION

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT 111 North Hill Street, Room 102 Los Angeles, California 90012 | BC446105 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert C. Moest, SBN 62616          310-915-6628   310-915-6997
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403

DATE:                                          Clerk, by                          , Deputy
*(Fecha)*                                      *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

RECEIVED
OCT 29 2010
CITY ATTORNEY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Los Angeles

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 10/28/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

EXHIBIT ____ PAGE ____

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert C. Moest, SBN 62616
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
TELEPHONE NO.: 310-915-6628   FAX NO.: 310-915-9897
ATTORNEY FOR *(Name):* Plaintiff James Hornik

**FILED**
Los Angeles Superior Court

SEP 24 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: HORNIK v. CITY OF LOS ANGELES

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | BC446105 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):* Five (5)

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 24, 2010

Robert C. Moest, SBN 62616
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT____1____ PAGE __16__

| SHORT TITLE:<br>HORNIK v. CITY OF LOS ANGELES | CASE NUMBER | BC446105 |
| --- | --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2.,(3.) |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

LASC, rule 2.0

Page 1 of 4

EXHIBIT __1__  PAGE __17__

| SHORT TITLE: HORNIK v. CITY OF LOS ANGELES | | CASE NUMBER | |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT____/____PAGE____18

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HORNIK v. CITY OF LOS ANGELES | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT ___1___ PAGE ___19___

| SHORT TITLE:<br>HORNIK v. CITY OF LOS ANGELES | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | ADDRESS: |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90028 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Mosk_____ courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: September 28, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)    **CIVIL CASE COVER SHEET ADDENDUM**    LASC, rule 2.0<br>LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 4 of 4

EXHIBIT___/___ PAGE 20

**FW-003**

## Order on Court Fee Waiver
### (Superior Court)

Clerk stamps date here when form is filed.

**FILED**
LOS ANGELES SUPERIOR COURT
SEP 2 7 2010
JOHN A. CLARKE, CLERK
A. BAKHRDZHYAN
*Abakhrdzhyan*, DEPUTY

(1) **Person who asked the court to waive court fees:**

Name: <u>Plaintiff James Hornik</u>

Street or mailing address: <u>P.O. Box 23571</u>

City: <u>Ventura</u>     State: <u>CA</u>     Zip: <u>93002</u>

(2) **Lawyer, if person in (1) has one** *(name, address, phone number,*

*e-mail, and State Bar number):* <u>Robert C. Moest, SBN 62166</u>

<u>2530 Wilshire Boulevard, Second Floor, Santa</u>

<u>Monica, California 90403, 310-915-6628</u>

<u>RMoest@aol.com</u>

(3) A request to waive court fees was filed

on *(date):* <u>September 24, 2010</u>

☐ The court made a previous fee waiver order in this case
on *(date):* _____

*Read this form carefully. All checked boxes ☑ are court orders.*

*Fill in court name and street address:*

**Superior Court of California, County of**
Los Angeles
LOS ANGELES SUPERIOR CO
111 North Hill Street,

Los Angeles, California
Central

*Fill in case number and case name:*

Case Number: **BC 446 105**

Case Name: Hornik v. City of LA

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

---

(4) After reviewing your *(check one):* ☑ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
the court makes the following order:

a. ☐ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rule 3.55.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Reporter's daily fee *(for up to 60 days following the fee waiver order at the court-approved daily rate)*
- Preparing and certifying the clerk's transcript on appeal
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Court fees for phone hearings

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses     ☐ Fees for a peace officer to testify in court
☐ Fees for court-appointed experts     ☐ Court-appointed interpreter fees for a witness
☐ Reporter's daily fees *(beyond the 60-day period following the fee waiver order)*
☐ Other *(specify):* _____

(3) ☐ **Fee Waiver for Appeal.** The court grants your request and waives the fees and costs checked below, for your appeal. *(Cal. Rules of Court, rules 3.55, 3.56, 8.26, and 8.818.)* You do not have to pay for the checked items.
☐ Preparing and certifying clerk's transcript for appeal
☐ Other *(specify):* _____

---

Judicial Council of California,
Revised July 1, 2009, Mandatory Form
Government Code, § 68634(e)
California Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

Legal
Solutions
Plus

FW-003, Page 1 of 2

EXHIBIT __1__ PAGE **21**

Your name: _____

Case Number: _____

b. ☐ The court **denies** your request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☑ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):* _____

_____ Applicant's Income & Expense 5 _____

☑ Bring the following proof to support your request if reasonably available: _____

BRING PROOF OF INCOME AND EXPENSES

| Hearing Date → | Date: 10/14/10  Time: 10am | Name and address of court if different from page 1: |
| | Dept.: 1A   Rm.: 548 | |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 9/27/10

Signature of *(check one):*  ☐ *Judicial Officer*  ☐ *Clerk Deputy*

MATTHEW C. ST. GEORGE, COMMISSIONER

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*  ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☑ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Los Angeles, California on the date below.

Date: 9/27/10

Clerk, by _____, Deputy

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)** EXHIBIT ___1___ PAGE 22

**FW-008**

## Order on Court Fee Waiver
### After Hearing (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
**LOS ANGELES SUPERIOR COURT**

**OCT 1 4 2010**

JOHN A. CLARKE, CLERK

BY M.Y. CARINO, DEPUTY

(1) **Person who asked the court to waive court fees:**
Name: JAMES HORNIK
Street or mailing address: P.O. BOX 23571
City: VENTURA       State: CA   Zip: 93002

(2) **Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* ROBERT C. MOEST

(3) A request to waive court fees was filed *(date):* 9/24/10

(4) There was a hearing on *(date):* 10/14/10
at *(time):* 10:00 AM     in *(Department):* 1A
The following people were at the hearing *(check all that apply):*
☑ Person in (1)    ☑ Lawyer in (2)
☐ Others *(names):* _____

**Read this form carefully. All checked boxes ☑ are court orders.**

*Fill in court name and street address:*
**Superior Court of California, County of**

Los Angeles Superior Court
111 North Hill Street
Los Angeles, CA 90012

*Fill in case number and name:*
**Case Number:**
BC446105
**Case Name:**
HURNIK VS. CITY OF L.A.

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(5) After reviewing your *(check one):* ☑ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
the court makes the following order:

a. ☑ The court **grants** your request and waives your court fees and costs as follows:
  (1) ☑ **Fee Waiver.** The court **grants** your request and waives your court fees and costs listed below *(Cal. Rules of Court, rule 3.55.)* You do not have to pay the court fees for the following:
   • Filing papers in superior court              • Giving notice and certificates
   • Making copies and certifying copies          • Sending papers to another court department
   • Sheriff's fee to give notice                 • Court-appointed interpreter in small claims court
   • Reporter's daily fee *(for up to 60 days after the grant of the fee waiver, at the court-approved daily rate)*
   • Preparing and certifying the clerk's transcript on appeal   • Court fees for phone hearing

  (2) ☐ **Additional Fee Waiver.** The court **grants** your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
   ☐ Jury fees and expenses                    ☐ Fees for a peace officer to testify in court
   ☐ Fees for court-appointed experts          ☐ Court-appointed interpreter fees for a witness
   ☐ Reporter's daily fees *(beyond the 60-day period after grant of the fee waiver, at court-approved daily rate)*
   ☐ Other *(specify):* _____

  (3) ☐ **Fee Waiver for Appeal.** The court **grants** your request and waives the fees and costs checked below, for your appeal. *(Cal. Rules of Court, rules 8.26 and 8.818.)* You do not have to pay for the checked items.
   ☐ Preparing and certifying clerk's transcript for appeal
   ☐ Other *(specify):* _____

Judicial Council of California, www.courtinfo.ca.gov
Rev. January 1, 2010, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver**
**After Hearing (Superior Court)**

FW-008, Page 1 of 2

EXHIBIT 1 PAGE 23

| Case Name:<br>HURNIK VS. CITY OF L.A. | Case Number:<br>BC446105 |
|---|---|

b. ☐ The court **denies** your request and **will not waive or reduce your fees and costs.**
(1) The reason for this denial is as follows:
    (a) ☐ Your request is incomplete, and you did not provide the information that the court requested *(specify items missing):* _____

    (b) ☐ You did not go to court on the hearing date to provide the information the court needed to make a decision.
    (c) ☐ The information you provide shows that you are not eligible for the fee waiver you requested because
        *(check all that apply):*
        i. ☐ Your income is too high.
        ii. ☐ Other *(explain):* _____

    (d) ☐ There is not enough evidence to support a fee waiver.
    (e) ☐ Other *(state reasons):* _____

(2) ☐ You may pay some court fees and costs over time. You may make monthly payments of $ _____
    beginning *(date):* _____ and then payable on the 1st of each month after that, until
    the fees checked below are paid in full:
    (a) ☐ Filing fees.
    (b) ☐ Other *(describe):* _____
    You must pay all other court fees and costs as they are due.

c. ☐ The court **partially grants** your request so you can pay court fees without using money you need to pay
for your household's basic needs. You are ordered to pay a portion of your fees, **as checked below. The court
only partially grants the request because** *(state reasons for partial denial):* _____

(1) ☐ You must pay _____ % of your court fees.
(2) ☐ The court waives some fees. The fees checked below are waived. You must pay all other court fees.

    ☐ Filing papers at superior court
    ☐ Sheriff's fee to give notice
    ☐ Court-appointed interpreter
    ☐ Reporter's daily fee up to 60 days after order
    ☐ Jury fees and expenses
    ☐ Court-appointed experts' fees
    ☐ Making certified copies
    ☐ Other *(describe):*

    ☐ Giving notice and certificates
    ☐ Sending papers to another court department
    ☐ Court-appointed interpreter fees for a witness
    ☐ Reporter's daily fees beyond the 60 days
        after initial order
    ☐ Fees for a peace officer to testify in court
    ☐ Court fees for telephone hearings

(3) ☐ Other *(specify):* _____

**Warning! If b or c above are checked:** You have **10 days** after the clerk gives notice of this order (see date below) to pay your fees as ordered, unless there is a later date for beginning payments in item b(2). If you do not pay, your court papers will not be processed. If the papers are a notice of appeal, your appeal may be dismissed.

Date: __10/14/10__  ▶ _____
*Signature of Judicial Officer* Richardson, Commissioner

### Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*  ☐ A certificate of mailing is attached.
☑ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.
☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②,
from *(city):* __LOS ANGELES_____, California on the date below.

Date: __10/14/10__  Clerk, by _____ Deputy

New January 1, 2010 Mandatory Form

**Court Fee Waiver Order After Hearing**
**(Superior Court)**

FW-008, Page 2 of 2

EXHIBIT *1* PAGE **24**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/14/10                                                          DEPT. 1A

HONORABLE                                    JUDGE   C. WASHINGTON/        DEPUTY CLERK
                                                     S. LOPEZ, CSA
HONORABLE ROBERT HARRISON           JUDGE PRO TEM                 ELECTRONIC RECORDING MONITOR
#15
        M. LEWIS                   Deputy Sheriff   NONE                      Reporter

| 10:00 am | BC446105 | | Plaintiff Counsel | ROBERT MOEST |
| | JAMES HORNIK (X) | | | |
| | | VS | Defendant Counsel | NO APPEARANCE |
| | CITY OF ANGELES ET AL | | | |

NATURE OF PROCEEDINGS:

HEARING ON REQUEST TO WAIVE COURT FEES

An In-Camera proceeding is held.

James Hornik is sworn and testifies on
his own behalf.

The Court grants the request to waive court fees
as to applicant, James Hornik.

The order is signed, filed and served upon
applicant and applicant's counsel.

Page   1 of   1   DEPT. 1A

MINUTES ENTERED
10/14/10
COUNTY CLERK

EXHIBIT____1____ PAGE 25

NOTICE SENT TO:

Moest, Robert C., Esq.
Law Offices of Robert C. Moest
2530 Wilshire Blvd., Second Floor
Santa Monica,       CA  90403

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 1 6 2010

JOHN A. CLARKE, CLERK

BY H. CARRILLO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JAMES HORNIK

                                    Plaintiff(s),

            VS.

CITY OF ANGELES ET AL

                                    Defendant(s).

| CASE NUMBER |
| --- |
| BC446105 |

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>January 5, 2011</u> at <u>8:30 am</u> in <u>Dept. 40</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
                          DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  November 16, 2010

Michelle R. Rosenblatt
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a
     separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date:  November 16, 2010

John A. Clarke, Executive Officer/Clerk

by                                      , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT ___/___  PAGE 26

**NEW CASE** REFERRED TO CITY ATTORNEY
FOR DISPOSITION

CITY ATTORNEY MW @ 7:30am

**SUMMONS** SUM-100
*(CITACION JUDICIAL)* OCT 29 2010

*FOR COURT USE ONLY*
*(SÓLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CITY OF ANGELES; COUNTY OF LOS
*(AVISO AL DEMANDADO):* ANGELES; LOS ANGELES POLICE
OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No.
32760), BRECEDA (Badge No. 37618), JENKINS (Badge No.
36042); DOES 1-50

**RECEIVED**

NOV 01 2010

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES HORNIK
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* **POLICE DIVISION**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street, Room 102 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC446105** |

Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert C. Moest, SBN 62616 310-915-6628 310-915-8097
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403

DATE: _____ Clerk, by _____ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Los Angeles
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/28/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT** 2 **PAGE** 27

PROOF OF SERVICE

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is in the County, City and State where this mailing occurred.

On **November ___, 2010** I served the document(s) described as:

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1441(a) and 1446(a)**

on all interested parties in this action:

**Attorneys for Plaintiff James Hornik**

**Attorney for Defendants County of Los Angeles**

Robert C. Moest, Esq.
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Phone: (310) 915-6628
Fax: (310) 915-9897

George E. Peterson, Esq.
Avi Burkwitz, Esq.
Maria Hovsepian, Esq.
PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, CA 91502
818/562-5800

I served a true copy of the document(s) above by:

[ ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on **November 29, 2010**, at Los Angeles, California.

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
RUTH PARKHURST

1   George E. Peterson, Esq., Bar No.: 054310
2   Avi Burkwitz, Esq., Bar No.: 217225
    Maria Hovsepian, Esq., Bar No.: 234097
3   George M. Peterson , Esq., Bar No.: 259503
    PETERSON & BRADFORD, LLP
    100 North First Street, Suite 300
4   Burbank, California 91502
    818.562.5800
5
    Attorneys for Defendant
6   COUNTY OF LOS ANGELES

**Exempt From Filing Fee**
*Government Code §6103*

FILED
CLERK, U.S. DISTRICT COURT

NOV 2 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JAMES HORNIK                        Case No. **CV 10 - 9 1 5 2** DDP
                                                            (CWx)
12              Plaintiff,
                                          (LASC Case No.  BC446105)
13      vs.                               Assigned to the Honorable: Michelle R.
                                          Rosenblatt- Dept. 40
14   CITY OF ANGELES; COUNTY OF LOS
     ANGELES; LOS ANGELES POLICE          **NOTICE OF JOINDER TO DEFENDANT CITY**
15   OFFICERS TORRES; HABIBI; BRECEDA;    **OF LOS ANGELES' REMOVAL OF ACTION**
     JENKINS, and DOES 1-50, Inclusive    **UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)**
16
                Defendants.
17

18

19

20   **THE CLERK OF THE ABOVE-ENTITLED COURT:**

21          PLEASE TAKE NOTICE that Defendant COUNTY OF LOS ANGELES hereby joins

22   in the removal of this action from the Superior Court for the State of California, County of Los

23   Angeles to the United States District Court for the Central District of California, filed on

24   November 29, 2010 by Defendant CITY OF LOS ANGELES.

25          This joinder is necessary as Defendant CITY OF LOS ANGELES cannot remove

26   / / / / /

27   / / / / /

28   / / / / /

                                          1

PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

the case without the consent of Defendant COUNTY OF LOS ANGELES.

Respectfully submitted,

DATED: November 2 2010                    PETERSON & BRADFORD, LLP

By: _____
        George E. Peterson, Esq.
        Avi Burkwitz, Esq.
        Maria Hovsepian, Esq.
        George M. Peterson , Esq.
        Attorneys for Defendant
        COUNTY OF LOS ANGELES

PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

## DECLARATION OF MARIA HOVSEPIAN

I, MARIA HOVSEPIAN, do hereby declare I have personal knowledge of the facts set forth below and if called as a witness in this case, I could and would competently testify as follows:

1.      I am an attorney licensed to practice in the state of California, in both state and federal court. I am representing Defendant COUNTY OF LOS ANGELES in the case of *James Hornik v. City of Los Angeles*, Los Angeles Superior Court Case No. BC 446105, now pending in the Los Angeles Superior Court.

2.      Defendant COUNTY OF LOS ANGELES was served with Plaintiff's Complaint on October 28, 2010. Attached hereto as Exhibit 1 is a true and correct copy of the summons for defendant COUNTY OF LOS ANGELES.

3.      On November 24, 2010, I communicated with spoke with Deputy City Attorney Surekha A. Pessis and consented on behalf of the COUNTY OF LOS ANGELES to the Removal that is being filed by Defendant City of Los Angeles.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2010 at _____, California

MARIA HOVSEPIAN, Declarant[1]

---

[1] Defendant City of Los Angeles is currently filing this Notice of Joinder with Ms. Hovsepian's electronic signature.  Upon receipt of Ms. Karasch's original signature, defendant will file same.

PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

3

SUMMONS
(CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** CITY OF ANGELES, COUNTY OF LOS
**(AVISO AL DEMANDADO):** ANGELES; LOS ANGELES POLICE
OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No.
32760); BRECEDA (Badge No. 37618), JENKINS (Badge No.
36042); DOES 1-50

```
2010 OCT 28 PM 4: 07

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
```

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES HORNIK
**(LO ESTA DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street, Room 102<br><br>Los Angeles, California 90012 | CASE NUMBER:<br>(Número del Caso):<br>**BC446105** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert C. Moest, SBN 62616    310-915-6628    310-915-9897
LAW OFFICES OF ROBERT C. MOEST
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403

| | | |
|---|---|---|
| DATE:<br>(Fecha): | Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):  County of Los Angeles

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [X] by personal delivery on (date): 10/28/10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

EXHIBIT ___1___  PAGE ___4___

PROOF OF SERVICE

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is in the County, City and State where this mailing occurred.

On **November** *29*, **2010** I served the document(s) described as:

**NOTICE OF JOINDER TO DEFENDANT CITY OF LOS ANGELES' REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)**

on all interested parties in this action:

| *Attorneys for Plaintiff James Hornik* | *Attorney for Defendants County of Los Angeles* |
|---|---|
| Robert C. Moest, Esq. LAW OFFICES OF ROBERT C. MOEST 2530 Wilshire Boulevard, Second Floor Santa Monica, CA 90403 Phone: (310) 915-6628 Fax: (310) 915-9897 | George E. Peterson, Esq. Avi Burkwitz, Esq. Maria Hovsepian, Esq. PETERSON & BRADFORD, LLP 100 North First Street, Suite 300 Burbank, CA 91502 818/562-5800 |

I served a true copy of the document(s) above by:

[  ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on **November** *29*, **2010**, at Los Angeles, California.

[  ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

RUTH PARKHURST

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 9152 DDP (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATE     RICT COURT, CENTRAL DISTRICT     LIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐) <br><br> JAMES HORNIK, Plaintiff | DEFENDANTS   CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES POLICE OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No. 32760), BRECEDA (Badge No. 37618), JENKINS (Badge No.36042); DOES 1-50, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Robert C. Moest, Esq. <br> LAW OFFICES OF ROBERT C. MOEST <br> 2530 Wilshire Boulevard, Second Floor <br> Santa Monica, CA  90403 <br> Tel:   (310) 915-6628 <br> Fax:   (310) 915-9897 | Attorneys (If Known) <br><br> SEE ATTACHMENT |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No         ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1441 (a) and 1446 (a)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10-9152

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATE.     RICT COURT, CENTRAL DISTRICT    .LIFORNIA
CIVIL COVER SHEET

VIII(a).   IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  [ X ]  No  [   ]  Yes

If yes, list case number(s): _____

VIII(b).   RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  [ X ]  No  [   ]  Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [   ]   A. Arise from the same or closely related transactions, happenings, or events; or

[   ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[   ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[   ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.   VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[   ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[   ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date November 29, 2010

Surekha A. Pessis, Deputy City Attorney

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1 | **CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
2 | **CORY M. BRENTE**, Assistant City Attorney
**SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
3 | 600 City Hall East
200 North Main Street
4 | Los Angeles, California  90012-4129
Telephone:  (213) 978-7036  Facsimile: (213) 978-8785
5 | Email: *Surekha.Pessis@lacity.org*

6 | Attorneys for Defendant CITY OF LOS ANGELES

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JAMES HORNIK, | ) CASE NO. |
| Plaintiff, | ) |
| vs. | ) (LASC Case No. BC 446105) |
| CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES POLICE OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No. 32760), BRECEDA (Badge No. 37618), JENKINS (Badge No. 36042); DOES 1-50, | ) **ATTACHMENT TO CIVIL COVER SHEET** |
| Defendants. | ) |

/ / /

**PLAINTIFF**

**JAMES HORNIK**

**COUNSEL FOR PLAINTIFF**

**Robert C. Moest, Esq.**

**LAW OFFICES OF ROBERT C. MOEST**

2530 Wilshire Boulevard, Second Floor

Santa Monica, CA 90403

Phone: (310) 915-6628

Fax: (310) 915-9897

1

## **DEFENDANTS**

**CITY OF LOS ANGELES**

**COUNTY OF LOS ANGELES**

**LOS ANGELES POLICE OFFICER TORRES**

**LOS ANGELES POLICE OFFICER HABIBI**

**LOS ANGELES POLICE OFFICER  BRECEDA**

**LOS ANGELES POLICE OFFICER JENKINS**

DOES 1-50

## **ATTORNEYS FOR DEFENDANT - CITY OF LOS ANGELES**

**CARMEN A. TRUTANICH,** City Attorney

**GARY G. GEUSS,** Chief Assistant City Attorney

**CORY M. BRENTE,** Supervising Assistant City Attorney

**SUREKHA A. PESSIS,** Deputy City Attorney - **SBN 193206**

200 North Main Street

6th Floor, City Hall East

Los Angeles, CA  90012

Email: surekha.pessis@lacity.org

Phone No.: (213) 978-7036, Fax No.: (213) 978-8785


## **ATTORNEYS FOR DEFENDANT - COUNTY OF LOS ANGELES**

**George E. Peterson, Esq.**

**Avi Burkwitz, Esq.**

**Maria Hovsepian, Esq.**

**PETERSON & BRADFORD, LLP**

100 North First Street, Suite 300

Burbank, CA 91502

818/562-5800

2

**PROOF OF SERVICE**

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is in the County, City and State where this mailing occurred.

On **November 29, 2010** I served the document(s) described as:

**CIVIL COVER SHEET with ATTACHMENT TO CIVIL COVER SHEET**

on all interested parties in this action:

| *Attorneys for Plaintiff James Hornik* | *Attorney for Defendants County of Los Angeles* |
|---|---|
| Robert C. Moest, Esq. <br> LAW OFFICES OF ROBERT C. MOEST <br> 2530 Wilshire Boulevard, Second Floor <br> Santa Monica, CA 90403 <br> Phone: (310) 915-6628 <br> Fax: (310) 915-9897 | George E. Peterson, Esq. <br> Avi Burkwitz, Esq. <br> Maria Hovsepian, Esq. <br> PETERSON & BRADFORD, LLP <br> 100 North First Street, Suite 300 <br> Burbank, CA 91502 <br> 818/562-5800 |

I served a true copy of the document(s) above by:

[ ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on **November 29, 2010**, at Los Angeles, California.

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

RUTH PARKHURST