O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HORNIK, ) | Case No. CV 10-09152 DDP (CWx) |
| Plaintiff, ) | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING TO STATE COURT** |
| v. ) | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE OFFICERS TORRES (Badge No. 39070); HABIBI (Badge No. 32760); BRECEDA (Badge No. 37618); JENKINS (Badge No. 36042); DOES 1-50, ) | [Docket No. 24] |
| Defendants. ) | |

Presently before the court is Defendant City of Los Angeles' Motion for Summary Judgment ("Motion"). Having reviewed the parties' moving papers, the court grants the Motion in part, remands Plaintiff's remaining claims to state court, and adopts the following Order.

**I. BACKGROUND**

Plaintiff initially filed his Complaint against Defendants City of Los Angeles ("City"), County of Los Angeles, and Officers

Torres, Habibi, Breceda, and Jenkins ("Officers") in state court, on September 24, 2010. Plaintiff's Complaint alleges five causes of action: 1) civil rights violations under 42 U.S.C. Section 1983; 2) assault and battery; 3) false imprisonment; 4) malicious prosecution; and 5) negligence. Plaintiff claims that Defendants arrested him without probable cause, and failed to provide him with adequate medical care and a rape kit. Defendants removed the action to this court on November 29, 2010.

The City filed this Motion for Summary Judgment on March 5, 2012. The City argues that: 1) all of the claims against the Officers should be dismissed because Plaintiff failed to timely serve them; 2) Plaintiff's Section 1983 claim against the City fails because the City had no relevant, unlawful policy or custom; 3) all of Plaintiff's state law claims should be dismissed because Plaintiff did not allege the underlying facts in his initial claim form, as required by California Government Code section 910, and 4) the City has immunity from Plaintiff's state law claims. Plaintiff has not filed any opposition to the City's Motion.

**II. LEGAL STANDARD**

When a nonmovant fails to oppose a summary judgment motion, the court must grant the motion unless the "movant has failed to meet its burden of demonstrating the absence of triable issues." Henry v. Gill Indust., Inc., 983 F. 2d 943, 950 (9th Cir. 1993). The court therefore reviews an unopposed summary judgment motion to determine whether "the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact." Id. at 949 (quoting Hamilton v. Keystone Tankship Corp., 539 F. 2d 684, 686 n. 1 (9th Cir. 1976)).

**III. DISCUSSION**

    **A. Section 1983 Claim against the Officers**

    It has been almost a year and a half since Plaintiff first filed his Complaint. Since then, Plaintiff has not served any of the Officers. Plaintiff's Section 1983 claim against the Officers is therefore dismissed without prejudice.

    **B. Section 1983 Claim against the City**

    "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

    Here, Plaintiff has not provided any evidence of a City policy or practice that violated his constitutional rights. In fact, Plaintiff alleges that his injuries resulted from the Officers' violations of City policies. The City is therefore entitled to summary judgment on Plaintiff's Section 1983 claim.

    **C. State Law Claims**

    As mentioned, the City argues that all of Plaintiff's state law claims are barred because he failed to describe the underlying facts in his initial claim to the City. Because the court has already "dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims. The court notes, however, that it appears from Plaintiff's initial claim filing that he did adequately describe the facts

underlying his negligence claim for failure to provide adequate medical care.  Contrary to the City's arguments, Plaintiff's negligence claim may also otherwise be valid under state law.  See Cal. Gov. Code § 845.6 ("[A] public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that [a] prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."); Zeilman v. County of Kern, 168 Cal. App. 3d 1174, 1184-85 (1985) (discussing this immunity exception and the public entity's affirmative duty to provide adequate medical care).

**IV. Conclusion**

    For all of these reasons, the court GRANTS in part the City's Motion for Summary Judgment, and REMANDS the remaining claims to California state court.

IT IS SO ORDERED.


Dated: April 18, 2012

                                        _____
                                        DEAN D. PREGERSON
                                        United States District Judge

4